UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



06-60261 CR-COHN

MAGISTRATE JUDGE
SNOW

18 USC §371
18 USC §1030(a)(4) & (c)(3)(A)
18 USC §1028A(a)(1)
42 USC §1320d-6(a)(2) & (b)(3)

UNITED STATES OF AMERICA

v.

**FERNANDO FERRER, JR.,**
and
**ISIS MACHADO,**

        **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At times material to this Indictment:

1. The Cleveland Clinic was a medical clinic with locations in Weston and Naples, Florida, and elsewhere. As such, the Cleveland Clinic was a health care provider. The Cleveland Clinic employed computers that were used in interstate commerce and interstate communication at all of its locations.

2. On or about May 1, 2006, Health Management Associates ("HMA") purchased the Cleveland Clinic's location in Naples, Florida, and continued to run the location as a medical clinic. HMA similarly continued to use the Cleveland Clinic's computers at the Naples location in interstate commerce and interstate communication. HMA was a health care provider.

3. Defendant **ISIS MACHADO** was employed by the Cleveland Clinic's Weston location from on or about May 23, 2005, to on or about June 26, 2006. In her capacity as a front desk office coordinator, defendant **ISIS MACHADO** was authorized to access the Cleveland Clinic's computers that were used in interstate commerce for the purpose of performing her job duties. Defendant **ISIS MACHADO** was not authorized to access the Cleveland Clinic's computers that were used in interstate commerce for the purpose of stealing Cleveland Clinic's patients' personal information.

4. Defendant **FERNANDO FERRER, JR.,** was registered as an owner of Advanced Medical Claims, Inc., in Naples, Florida. He is Defendant **ISIS MACHADO's** cousin.

## COUNT 1
### (18 USC §371: Conspiracy)

5. The allegations contained in the General Allegations section of this Indictment are incorporated by reference as though realleged in their entirety.

6. From on or about May 23, 2005, and continuing through on or about June 26, 2006, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO FERRER, JR.,**
and
**ISIS MACHADO,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to defraud the United States and to commit certain other offenses against the United States, namely:

    a. to knowingly and with intent to defraud, exceed authorized access to a protected computer, and by such conduct further the intended fraud to obtain things of value exceeding $5,000, in violation of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A);

  b. during and in relation to a felony violation of Title 18, United States Code, Chapter 47, to wit, Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A), to knowingly possess and use, without lawful authority, a means of identification of another person, in violation of Title 18, United States Code, Section 1028A(a)(1); and

  c. to knowingly and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtain individually identifiable health information relating to an individual, with the intent to sell, transfer, and use, and cause to be used, individually identifiable health information for personal gain, in violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(3).

## OBJECT OF THE CONSPIRACY

7. It was the object of the conspiracy that the defendants and others would unlawfully enrich themselves by stealing personal information of Cleveland Clinic and HMA patients, including, among other information, the patients' names, dates of birth, Social Security numbers, Medicare numbers, and addresses, and using the patients' information to make fraudulent claims for Medicare reimbursement upon the United States, in an amount in excess of 1,100 victims and in an amount in excess of $2.8 million, and committing other unlawful conduct using the stolen personal information of the Cleveland Clinic and HMA patients.

## MANNER AND MEANS

The manner and means by which the defendants and others sought to accomplish the object of the conspiracy included the following:

8. Defendant **FERNANDO FERRER, JR.**, advised Defendant **ISIS MACHADO** of an "opportunity" whereby Defendant **ISIS MACHADO** could sell stolen personal identification

information to her co-conspirators.

9. Defendant **ISIS MACHADO** exceeded her authorized access to the Cleveland Clinic's computer system to obtain and print out personal information of Cleveland Clinic and HMA patients.

10. Defendant **ISIS MACHADO** then provided this personal information to Defendant **FERNANDO FERRER, JR.,** in return for payment.

11. Defendant **FERNANDO FERRER, JR.,** then caused the personal information obtained by Defendant **ISIS MACHADO** to be used to file fraudulent claims for Medicare reimbursement upon the United States.

12. Defendant **FERNANDO FERRER, JR.,** provided the Medicare beneficiary numbers to others who then used those numbers to file fraudulent claims for Medicare reimbursement upon the United States.

## **OVERT ACTS**

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, by at least one co-conspirator:

13. Between May 23, 2005 and June 26, 2006, the exact date being unknown, defendant **ISIS MACHADO** accessed the Cleveland Clinic and HMA databases and obtained personal identification of a patient, identified by the initials N.M.

14. Between May 23, 2005 and June 26, 2006, the exact date being unknown, defendant **ISIS MACHADO** accessed the Cleveland Clinic and HMA databases and obtained personal identification of a patient, identified by the initials G.B.

15. Between May 23, 2005 and June 26, 2006, the exact date being unknown, defendant

**ISIS MACHADO** accessed the Cleveland Clinic and HMA databases and obtained personal identification of a patient, identified by the initials T.B.

16. Between May 23, 2005 and June 26, 2006, the exact date being unknown, defendant **ISIS MACHADO** accessed the Cleveland Clinic and HMA databases and obtained personal identification of a patient, identified by the initials B.K.

17. Between May 23, 2005 and June 26, 2006, the exact date being unknown, defendant **ISIS MACHADO** accessed the Cleveland Clinic and HMA databases and obtained personal identification of a patient, identified by the initials S.Z.

18. Between May 23, 2005 and June 26, 2006, the exact date being unknown, defendant **FERNANDO FERRER, JR.**, received personal identification information of patients of the Cleveland Clinic and HMA from defendant **ISIS MACHADO**.

19. Between May 23, 2005 and June 26, 2006, the exact date being unknown, defendant **FERNANDO FERRER, JR.**, paid defendant **ISIS MACHADO** a sum of money in exchange for the patients' personal identification information.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (18 USC §1030(a)(4): Fraud in Connection with Computers)

20. The allegations contained in the General Allegations section of this Indictment are incorporated herein as though realleged in their entirety.

21. From on or about May 23, 2005, through on or about June 26, 2006, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO FERRER, JR.,**
and
**ISIS MACHADO,**

knowingly and with intent to defraud, exceeded authorized access to protected computers, that is, computer systems of the Cleveland Clinic and HMA, which were used in interstate commerce and interstate communication, and by such conduct furthered the intended fraud and obtained things of value exceeding $5,000, to wit, personal information of Cleveland Clinic and HMA patients, in violation of Title 18, United States Code, Sections 1030(a)(4), (c)(3)(A), and 2.

**COUNT 3**
**(42USC §1320d-6(a)(2) and (b)(3))**
**(Wrongful Disclosure of Individually Identifiable Health Information)**

22. From on or about May 23, 2005, through on or about June 26, 2006, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO FERRER, JR.,**
and
**ISIS MACHADO,**

defendant **MACHADO**, then an employee of a health care provider, knowingly and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtained and caused to be obtained individually identifiable health information relating to an individual, with the intent to sell, transfer and use, and caused to be used, said information for personal gain. Specifically, defendant **FERNANDO FERRER, JR.,** caused defendant **ISIS MACHADO** to obtain individually identifiable health information relating to an individual, that is, patients' names, dates of birth, Social Security numbers, Medicare numbers, and addresses, which had been collected by the health care provider, with the intent to sell, transfer, and use said information for personal gain.

All in violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(3), and Title

18, United States Code, Section 2.

## COUNTS 4-8
### (18 USC §1028A(a)(2): Aggravated Identity Theft)

23. The allegations contained in the General Allegations section of this Indictment are incorporated herein as though realleged in their entirety.

24. On or about the dates set forth below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO FERRER, JR.,**
and
**ISIS MACHADO,**

during and in relation to a felony violation of Title 18, United States Code, Chapter 47, to wit, Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A), did knowingly possess and use, without lawful authority, a means of identification of other persons, to wit, names of Cleveland Clinic and HMA patients, as set forth in the individual counts below:

| COUNT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 4 | 5/23/05 -6/26/06 | N.M.'s name |
| 5 | 5/23/05 -6/26/06 | G.B.'s name |
| 6 | 5/23/05 -6/26/06 | T.B.'s name |
| 7 | 5/23/05 -6/26/06 | B.K.'s name |
| 8 | 5/23/05 -6/26/06 | S.Z.'s name |

All in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(4), and 2.

A TRUE BILL.

_____
GRAND JURY FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| FERNANDO FERRER, JR., and<br>ISIS MACHADO,<br>　　　　　　　　Defendants.<br>_____/ | **CERTIFICATE OF TRIAL ATTORNEY\***<br><br>**Superseding Case Information:** |

**Court Division:** (Select One)

| | | New Defendant(s) | Yes ____ | No ____ |
|---|---|---|---|---|
| ____ Miami | ____ Key West | Number of New Defendants | ____ | |
| _X_ FTL | ____ WPB　____ FTP | Total number of counts | ____ | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:　(Yes or No)　　__NO__
   List language and/or dialect　____

4. This case will take　__5 days__ to try

5. Please check appropriate category and type of offense listed below:
   (Check only one)　　　　　　　　　　　　　(Check only one)

   | | | | | | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | _X_ | Petty | ____ |
   | II | 6 to 10 days | ____ | Minor | ____ |
   | III | 11 to 20 days | ____ | Misdem. | ____ |
   | IV | 21 to 60 days | ____ | Felony | _X_ |
   | V | 61 days and over | ____ | | |

6. Has this case been previously filed in this District Court? (Yes or No)　__NO__
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?　(Yes or No) __NO__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____　District of _____

   Is this a potential death penalty case? (Yes or No) __NO__

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?　____ Yes　_X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?　____ Yes　_X_ No
   If yes, was it pending in the Central Region? ____ Yes　____ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?　Yes ____　No _X_

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?　____ Yes　_X_ No

_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 712450

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ISIS MACHADO

**Case No**:_____

Count #: 1

Conspiracy

in violation 18 U.S.C. § 371

\* **Max.Penalty**: Five (5) years' imprisonment; three (3) years' supervised release; $250,000 fine

Count #: 2

Computer Fraud

in violation 18 U.S.C. § 1030(a)(4)

\* **Max.Penalty**: Five (5) years' imprisonment; three (3) years' supervised release; $250,000 fine

Counts #: 3

Wrongful Disclosure of Individually Identifiable Health Information

in violation of 42 U.S.C. § 1320d-6(a)(2)

\***Max. Penalty**: Ten (10) years' imprisonment; three (3) years' supervised release; $250,000 fine

Counts #: 4-8

Aggravated Identity Theft

in violation of 18 U.S.C. §371

\***Max. Penalty:** Two (2) years' mandatory imprisonment, one (1) year supervised release; $250,000 fine

Count #:

_____

_____

\***Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: FERNANDO FERRER, JR.

**Case No**:_____

Count #: 1

 Conspiracy

 in violation 18 U.S.C. § 371

**\* Max.Penalty**: Five (5) years' imprisonment; three (3) years' supervised release; $250,000 fne

Count #: 2

 Computer Fraud

 in violation 18 U.S.C. § 1030(a)(4)

**\* Max.Penalty**: Five (5) years' imprisonment; three (3) years' supervised release; $250,000 fne

Counts #: 3

 Wrongful Disclosure of Individually Identifiable Health Information

 in violation of 42 U.S.C. § 1320d-6(a)(2)

**\*Max. Penalty**: Ten (10) years' imprisonment; three (3) years' supervised release; $250,000 fne

Counts #: 4-8

 Aggravated Identity Theft

 in violation of 18 U.S.C. §371

**\*Max. Penalty**: Two (2) years' mandatory imprisonment, one (1) year supervised release; $250,000 fine

Count #:

_____

_____

**\*Max. Penalty**:

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

No. 60321

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ Florida

*Central Criminal Division*

## THE UNITED STATES OF AMERICA

vs.

**FERNANDO FERRER, JR.**
**ISIS MACHADO**

## INDICTMENT

18 U.S.C. § 371
18 U.S.C. § 1030(a)(4) & (c)(3)(A)
18 U.S.C. § 1028A(a)(1)
42 U.S.C. § 1320d-6(a)(2) & (b)(3)

A true bill.

_____
*Foreperson*

Filed in open court this _____ day,

of _____, A.D. 20 _____

_____
Clerk

Bail. $ _____

_____